Lowell, C. J.
The Southbridge Savings Bank, holding a first mortgage upon the premises which are in controversy here, were made defendants, perhaps without necessity, but were made so, in this suit, and in several others, in which Thomas Burgess is plaintiff. The controversy appears to be between the plaintiff and Mrs. Tyler, holding a second mortgage, which the plaintiff says should be postponed to his, which is, in order of time, the third.
By consent of parties a decree was entered for a sale of the land by the' savings bank, and for payment into court of the proceeds of sale, beyond what is due them on their mortgage. The account has been rendered, and two or three questions are raised upon certain charges made by the bank against the proceeds.
The debt bears 7 per cent, interest by the agreement of the parties, and the first question is whether, after a default, the mortgagees are to charge that rate or only 6 per cent. Even if I am not positively bound by the decisions in Massachusetts I ought to follow them in a case of this kind, unless they appear to me decidedly unsound. I understand those decis. ions to be that the rate of interest agreed between the parties for the forbearance of money is, in general, understood to mean that the rate shall so continue until payment, or until judgment, and therefore is the true rule of damages under the statute of Massachusetts, which fixes the rate of 6 per cent, only when the parties have failed to agree on some other. Brannon v. Hursell, 116 Mass. 63.
It is not worth while to examine into the niceties of the cases on this subject, because it is plain that both parties understood that this debt was to bear 7 per cent, interest. It *501 was payable on demand, with that rate agreed on, and if that should be held to mean that T per cent, should be paid until default, and 6 per cent, thereafter, it is meaningless, as there was a default the day after the mortgage was delivered. The parties have acted on this theory and settled accordingly. Besides, the defendants have been prevented from realizing their money wholly by the suits instituted by the plaintiff.
The premiums of insurance are properly chargeable against the fund. There was a covenant in the mortgage, in the most ample terms, authorizing the bank to insure at the expense of the mortgagees, and a condition for the repayment of the premiums. It is true that after the mortgagees had taken possession they insured on their own moneys, and a question might possibly have been raised upon the form of policy whether it came within the covenant. The evidence is that they intended to insure for all persons interested, and were advised by the agent of the underwriters that mortgagees in possession should insure in this way. Under these circumstances I do not think that they could have refused, in a court of equity, to account for the insurance money if they had recovered it, and therefore they should be allowed the premiums.
It is admitted that a small item for compound interest must be disallowed; that a return premium received since the account was made up must be credited. The only other question is upon counsel fees and expenses. The charge of the mortgagees for care of the premises is disallowed, because it seems that they agreed with the plaintiff to employ a man for this purpose, and did employ him, and his very reasonable charges are allowed.
The mortgage permits the bank to deduct all costs, charges and expenses of suits concerning the premises; and the evidence shows that they have been put to a great deal of charge, rather uselessly, perhaps, and have been obliged to spend money for costs and fees to defend their title. I allow on this account the sum of $450.
Making the changes in the account, in accordance with this opinion, the Southbridge Savings Bank stand charged *502 with a balance of $8,670.79. I understand the money has been invested by consent of the parties, and of course whatever interest is earned will be added to this balance.